UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD SATISH EMRIT,

     Plaintiff,

v.                                       Case No. 3:24cv13-TKW-HTC

PROGRESSIVE INSURANCE
COMPANY, et al.,

     Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Ronald Satish Emrit, proceeding *pro se*, has filed a complaint and motion to proceed *in forma pauperis*. After reviewing the complaint, the undersigned concludes this case should be dismissed without prejudice, as the complaint fails to establish the Court has diversity jurisdiction.

Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). When a federal court concludes it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Federal courts must have one of three types of subject-matter jurisdiction: (1) jurisdiction under a

specific statutory grant; (2) federal question jurisdiction under 28 U.S.C. § 1331; or (3) diversity jurisdiction under 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Here, Plaintiff sues Progressive Insurance Company and Stephanie Courtney, the actress who portrays "Flo" in Progressive's advertisements, for $45 million. He alleges the Progressive commercials featuring Flo are annoying and constitute a public nuisance.[1] Plaintiff asserts he is invoking the Court's diversity jurisdiction, but his allegations are insufficient to show complete diversity between the parties.[2] *See Legg v. Wyeth*, 428 F.3d 1317, 1321 n.2 (11th Cir. 2005) ("Federal diversity jurisdiction under 28 U.S.C. § 1332 requires 'complete diversity'—the citizenship

---

[1] Plaintiff simultaneously filed the same complaint he filed here in the Northern District of Ohio. *See Emrit v. Progressive Insurance, et al.*, Case No. 1:24cv46-CEF (N.D. Ohio). This is improper and constitutes an abuse of the judicial process. *See Emrit v. Devos*, 2020 WL 1669872, at *2 (N.D. Fla. Mar. 4, 2020) (report and recommendation noting "[i]t is clearly improper and an abuse of the judicial process to pursue identical claims in multiple jurisdictions").

[2] Plaintiff also suggests the Court has federal question jurisdiction because "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." Doc. 1 at 3. However, the complaint does not discuss these provisions of federal law, much less state a claim under any of them. *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (a federal court may dismiss a federal question claim for lack of subject-matter jurisdiction if such a claim is wholly insubstantial and frivolous) (citation omitted).

of every plaintiff must be diverse from the citizenship of every defendant.") (citation omitted).

"When a plaintiff files suit in federal court, []he must allege facts that, if true, show federal subject matter jurisdiction over [his] case exists. … Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citations omitted).  Although Plaintiff states Progressive's principal place of business is in Ohio, he does not identify: (1) Progressive's state of incorporation, *see* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); or (2) the citizenship of Defendant Courtney.  And while Plaintiff alleges he resides in Florida for half of the year and Maryland for the other half, he does not identify his own citizenship.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").  Plaintiff's failure to provide this information requires the dismissal of this case.  *See Travaglio*, 735 F.3d at 1268 ("[I]f a complaint's factual allegations do not assure the court it has subject matter

Case 3:24-cv-00013-TKW-HTC    Document 5    Filed 01/11/24    Page 4 of 7

Page 4 of 7

jurisdiction, then the court is without power to do anything in the case.") (citation omitted).

Even assuming the parties are diverse, this case would still be subject to dismissal because venue is not proper in the Northern District of Florida, as none of the parties are located and none of the alleged events took place in this District. *See* 28 U.S.C. § 1391(b).  Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss the action or transfer the action to the appropriate venue.  Given the clearly frivolous nature of the allegations, dismissal rather than a transfer would be appropriate. *See Emrit v. Barkley*, 2023 WL 2355906, at *3-4 (S.D. Ala. Feb. 3, 2023), *report and recommendation adopted*, 2023 WL 2352359 (S.D. Ala. Mar. 3, 2023) (dismissing Plaintiff's complaint because it is "implausible and borderline delusional" and he "cannot file suit just because advertisements and commercials annoy him"; and noting Plaintiff "has received well-earned recognition as serial *pro se* filer of frivolous complaints in federal court").

Finally, Plaintiff is a "serial *pro se* filer" who has been a party in more than 700 federal cases and the plaintiff in more than 400 federal cases.  Numerous courts have deemed Plaintiff a "vexatious" litigant and subjected him to prefiling requirements. *See e.g., Emrit v. Trump*, 2019 WL 140107 at *2 (S.D. Ohio Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 935028 (S.D. Ohio Feb. 26, 2019); *Emrit v. Cent. Intelligence Agency,* 2022 WL 1575999, at *14 (N.D. W. Va.

Apr. 1, 2022), *report and recommendation adopted*, 2022 WL 1573175 (N.D. W. Va. May 18, 2022) (collecting cases).  In this district alone, Plaintiff has filed 15 other cases, all of which were dismissed within a few months of filing and some of which were duplicative of one another (something Plaintiff is prone to do in other districts as well).  As one court noted, despite admonitions from the courts, threats of sanctions, and a lack of success in the courts, "Plaintiff has given no hint of abating his pernicious conduct." *Trump*, 2019 WL 140107, at *2.  And, as the Middle District of Florida recognized, this is so because there are few or no consequences to his actions. *Emrit v. Devos*, 2020 WL 9078298, at *3 (M.D. Fla. Apr. 20, 2020).  Those courts were not wrong; a cursory review of the first 4 pages of the PACER results for cases filed by Plaintiff shows he filed more than 50 cases in 2023, sometimes multiple cases a day.

Given Plaintiff's abusive litigation history, the undersigned recommends that Plaintiff be enjoined from further filings in this District without the payment of the filing fee *or* the submission of an affidavit from an attorney in good standing attesting that Plaintiff's complaint has been reviewed and that the factual allegations contained therein provide a good faith basis for venue and jurisdiction in this Court. *See e.g., Devos*, 2020 WL 9078298, at *4 (imposing litigation injunction and requiring written approval by senior Magistrate Judge prior to filing any document); *Cent. Intelligence Agency*, 2022 WL 1575999, at *14 (imposing litigation injunction

requiring payment of fee and attorney affidavit); *Emrit v. Special Agent in Charge of FBI Field Office,* 2023 WL 3073624 (4th Cir. Apr. 25, 2023) (affirming a vexatious litigation order against Emrit).

Accordingly, it is ORDERED:

1.    Plaintiff's motion to proceed *in forma pauperis*, Doc. 2, is DENIED AS MOOT.

And it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE due to lack of jurisdiction.

2.    That Plaintiff be declared a vexatious and abusive litigant and be enjoined and prohibited from filing any new complaints in this District unless the complaint is accompanied by either:

a.    full payment of the filing fee; or

b.    an affidavit by a licensed attorney in good standing in this District or in the jurisdiction where the attorney is admitted, attesting that the attorney has reviewed the complaint and finds the factual allegations alleged provide a good faith basis for venue and jurisdiction in this District.

3.    That the clerk close the file.

At Pensacola, Florida, this 11ᵗʰ day of January, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1.